UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO REYNA CASTRO, A-240-174-316<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-00538-DJC-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. This matter was referred to the undersigned pursuant to Local Rule 302(c)(17). ECF No. 4. For the reasons set forth below, the undersigned recommends the writ be denied.

**BACKGROUND**

**A. Factual Background**

In his petition for writ of habeas corpus, petitioner alleges he is a noncitizen alien currently detained by respondent. ECF No. 1 at 2-5. He alleges that he was arrested by Immigration and Customs Enforcement (ICE) on April 1, 2025, and has been detained since that date without a bond hearing before a neutral decisionmaker to determine whether his prolonged detention is justified because he is a danger to the community or flight risk. *Id.* at 5. He asserts one claim for relief, that his ongoing prolonged detention without a bond hearing before a neutral

decisionmaker violates his rights to due process under the Fifth Amendment. *Id*. at 16-17.

In his opposition to the petition, respondent represents that petitioner is a native and citizen of Mexico who had been admitted to the United States in April 2012 on a visitor visa, but overstayed the visa. ECF No. 10 at 2, Ex. A at 1-3. On December 24, 2024, petitioner was arrested by local law enforcement for driving under the influence and booked into the Fresno County Jail, then subsequently released. ECF No. 10 at 2, Ex. A at 2. On April 1, 2025, petitioner attended a court hearing at the Fresno County Superior Court; there, ICE arrested him pursuant to an administrative warrant under 8 U.S.C. § 1227(a)(1)(B). ECF No. 10 at 2, Ex. A at 1-3.

Respondent concedes that petitioner has remained in immigration detention since April 1, 2025. ECF No. 10 at 2. Respondent asserts, however, that on June 4, 2025, an Immigration Judge conducted a custody re-determination hearing for petitioner pursuant to 8 C.F.R. § 1236. ECF No. 10 at 2, Ex. B. According to the materials submitted by respondent, at that hearing, petitioner

> submitted several documents in support of his request for bond, including copies of his identification documents, the birth certificates of his children, character letters from family members and friends, financial documents, family pictures, rehabilitation documents, and proof of insurance, among other documents. . . . The Department submitted documents pertaining to [petitioner's] pending driving under the influence (DUI) criminal case from 2024 as well as a Federal Bureau of Investigation (FBI) rap sheet.

ECF No. 10, Ex. C at 1. Upon considering these submissions, the Immigration Judge denied petitioner's request for custody redetermination, finding he had not proven he was not a danger to the community, and issued a memorandum explaining the reasons for the decision. ECF No. 10, Exs. B, C. On July 4, 2025, petitioner sought review of this decision to the Board of Immigration Appeals. ECF No. 10, Ex. C at 2. On January 13, 2026, the Board of Immigration Appeals upheld the decision. ECF No. 10, Ex. D.

Respondent has also tendered materials showing that, while petitioner's appeal of the custody redetermination order was pending in the Board of Immigration Appeals, on October 27, 2025, an Immigration Judge entered an order finding petitioner removable under 8 U.S.C. §

1227(a)(1)(B), due to "visa overstay," and ordering petitioner be removed to Mexico. ECF No. 10, Ex. E. Petitioner appealed this order to the Board of Immigration Appeals, on November 24, 2025. ECF No. 10, Ex. F. Respondent represents that, as of the date of the filing of his opposition brief, the Board of Immigration Appeals had not yet issued a decision. ECF No. 10 at 2; *see also* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/ (last accessed Aug. 24, 2026).[1]

In his reply, petitioner does not contest respondent's factual representations, including that he received a custody redetermination hearing before an Immigration Judge on June 4, 2025, at which his request for release was denied on the basis that he had not shown he was not a danger to the community. ECF No. 14.

**B. Procedural Background**

Petitioner initiated this action on January 22, 2026, and filed the same day a motion for appointment of counsel. ECF Nos. 1-2. The next day, the District Judge referred the matter to the undersigned pursuant to Local Rule 302(c)(17). ECF No. 4. On February 8, 2026, respondent timely filed an opposition to the petition, ECF No. 10, and, on February 24, 2026, petitioner timely filed a reply. ECF No. 14.

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *See, e.g.*, *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

///

////

[1] The court takes judicial notice of the Executive Office for Immigration Review's case information available on its website, pursuant to Federal Rule of Evidence 201. *See Reyn's Pasta Bella, LLC, v. Visa USA Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

**DISCUSSION**

Petitioner contends that his prolonged detention, since April 1, 2025, violates his rights to procedural due process under the Fifth Amendment. ECF No. 1 at 16-17.

A noncitizen alien present in the United States may be removed if he or she falls "within one or more . . . classes of deportable aliens," which includes those noncitizens who have remained in the United States past their authorized period of nonimmigration admission. 8 U.S.C. § 1227(a)(1)(B). Section 1226(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a), provides for the detention of noncitizen aliens, and generally governs the arrest and detention of noncitizens who are deportable under section 1227. *Jennings v. Rodriquez*, 583 U.S. 281, 288 (2018). Section 1226(a)'s detention is discretionary, such that the Attorney General "may release" an alien detained under § 1226(a) "on . . . bond" or "conditional parole." 8 U.S.C. § 1226(a). Federal regulations set forth that bond is available if the non-citizen "demonstrate[s] . . . such release would not pose a danger to property or persons, and that [he] is likely to appear for any future proceeding" 8 C.F.R. § 236.1(c)(8), and confer upon the immigration judge discretion to grant release and determine the amount of bond. 8 C.F.R. § 236.1(d)(1).

Here, the parties do not dispute that petitioner is deportable under § 1227(a)(1)(B) and is detained under § 1226(a). *See* ECF No. 10 at 1-2 & n.1, Ex. A at 2, Ex. E; ECF No. 14. Petitioner argues that respondent's failure to have provided him a timely bond hearing during his detention violates his procedural due process rights. Based on the undisputed record before the court, petitioner fails to prove his entitlement to relief.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court recognized that noncitizen aliens possess a procedural due process interest in freedom from indefinite detention, such that their detention without a bond hearing may violate their due process rights. There, unlike petitioner here, the noncitizen alien had been ordered removed and, after the order issued, the Government detained the petitioner pursuant to 8 U.S.C. § 1231(a)(6). That statutory section provides that, when an alien who has been ordered removed is not removed within 90 days, the Attorney General has the discretion to detain the alien beyond the 90-day period. 8 U.S.C. § 1231(a)(6). In *Zadyvdas*, 533 U.S. 678, the Court held that, in order to avoid violating the due

process rights of the detainees, the statute must be construed "to contain an implicit 'reasonable time' limitation" for post-removal-order detention without a bond hearing, "the application of which is subject to federal-court review." *Zadvydas*, 533 U.S. at 682.

Subsequently, the Supreme Court has declined to extend such a construction to detention under 8 U.S.C. § 1226(a), but remanded the matter to the Court of Appeals to consider whether due process requires bond hearings at intervals for persons detained under that section. *Jennings v. Rodriguez*, 583 U.S. 281 (2018). The Court of Appeals has since recognized that a detainee's length of detention under § 1226(a) may violate his rights to due process under the Fifth Amendment under some circumstances, but a fourteenth-month delay between custody redetermination hearings did not demonstrate such a violation. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). That precedent controls the instant case and compels the conclusion that petitioner has not shown he has suffered a due process violation entitling him to habeas corpus relief.

In *Rodriguez Diaz*, 53 F.4th 1189, the petitioner had been detained under § 1226(a), and was given a bond hearing approximately two months later. 53 F.4th at 1194. Bond was denied and, approximately one year after that, the petitioner moved for a new custody redetermination hearing, which request was denied. *Id*. at 1194-95. Approximately two months later, petitioner sought habeas corpus relief in federal court, alleging that the then-fourteen month period of detention without a second bond hearing violated his rights to procedural due process under the Fifth Amendment. *Id*. at 1195, 1207.

The Court of Appeal expressed skepticism that the length of detention, alone, under § 1226(a) could give rise to a due process violation, given the amount of process a detainee is afforded under that statutory section. *Rodriguez Diaz*, 53 F.4th at 1205-07, 1213-14. Assuming that it could, the Court concluded the petitioner had not shown the fourteen-month period of detention without a second bond hearing had violated his rights to procedural due process. *Id*. at 1207, 1210, 1213. Applying *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court recognized that the petitioner had a significant liberty interest in being free from detention, although that interest was lessened somewhat by the fact that he had been given an initial bond hearing; that

regulations permitted him to obtain a second bond hearing upon a showing of changed circumstances; and that he was subject to a removal order, with at least some of his period of detention attributable to his availing himself of appeals processes to challenge that order. *Id*. at 1207-08, 1213. The Court found that the government had a substantial interest in keeping petitioner detained to effectuate a removal order, particularly given that petitioner had been denied bond on the basis of a finding that he was a danger to the community. *Id*. at 1208-09, 1213. Finally, the Court found that the process that the petitioner was afforded, notwithstanding the length of his detention, "sufficiently protected [petitioner's] liberty interest and mitigated the risk of erroneous deprivation." *Id*. at 1209 (citing *Mathews*, 424 U.S. at 335). This included the initial bond hearing, which had been held before an Immigration Judge, at which petitioner could present evidence and was represented by counsel. *Id*. The Immigration Judge made an individualized determination of petitioner's bond-worthiness, which petitioner could seek to have reviewed by the Board of Immigration Appeals (BIA). *Id*. Petitioner also could request and receive subsequent custody determination hearings upon a showing of changed circumstances, and the denial of such requests was also appealable to the BIA. *Id*. (citing 8 C.F.R. 1003.19(e)). "In short, the agency's decision to detain [the petitioner] was subject to numerous levels of review, each offering [him] the opportunity to be heard by a neutral decisionmaker," *id*. at 1210, reflecting even more process than what petitioners have received in other cases, where the courts found the amount of process received sufficient under the due process clause. *Id*. at 1213. As such, the Court held, "§ 1226(a)'s procedures satisfy due process, both facially and as applied to" the petitioner. *Id*.

Here, petitioner has not shown that the length of his detention has violated his procedural due process rights. Petitioner here has been detained almost seventeen months, slightly longer than the period at issue in *Rodriguez-Diaz*, *see* 53 F.4th at 1207, and, like the petitioner in *Rodriguez-Diaz*, petitioner also has a significant interest in being free from detention. *See id*. That interest, however, is somewhat lessened by the adverse findings at the initial bond hearing, ECF No. 10, Exs. B-C; the fact that he is subject to an order of removal, ECF No. 10, Ex. F; and the fact that at least some of the period of detention forming the basis of his allegations occurred

as he was seeking review of the removal order. *Id.*; *see Rodriguez Diaz*, 53 F.4th at 1207-08, 1213. On the whole, this *Mathews* factor only slightly favors petitioner. *See Rodriguez Diaz*, 53 F.4th at 1207-08, 1213.

As in *Rodriguez-Diaz*, here, respondent has demonstrated a significant interest in maintaining petitioner's detention, given that he had been denied bond upon a finding that he had not shown he was not a danger to the community. *See* ECF No. 10, Exs. B, C, D; *see Rodriguez Diaz*, 53 F.4th at 1208, 1213.

Finally, the undisputed record demonstrates that petitioner has received process in the bond denial, and thus this factor under *Mathews* strongly weighs towards finding that no procedural due process violation has occurred. Petitioner has not contested in his traverse the factual representations, and documentary evidence in support of same, that respondent set forth in his opposition to the petition, *see* ECF No. 14, including respondent's representation that, contrary to petitioner's allegation in his petition that he has received no custody redetermination hearing since his arrest by respondent, *see* ECF No. 1 at 5, petitioner did receive a custody redetermination hearing on June 4, 2025. ECF No. 10 at 2, Ex. B. The court accepts the uncontested facts as true. *See* 28 U.S.C. § 2248. The uncontested record shows that, at the June 4, 2025 custody redetermination hearing, petitioner was permitted to and did submit evidence and present arguments to show that his release was warranted, and that an Immigration Judge considered those arguments and items of evidence before denying bond in a reasoned decision. ECF No. 10, Exs. B, C. The uncontested record further shows that petitioner sought review of this decision to the Board of Immigration Appeals, which reviewed it and ultimately upheld it. ECF No. 10, Ex. D. Although petitioner argues he should be granted a subsequent redetermination hearing, *see* ECF No. 14 at 2-7, he has made no showing that he has requested one and that respondent has unlawfully denied that request. *See generally* ECF Nos. 1, 14; 8 C.F.R. § 1003.19(e). In sum, like the petitioner in *Rodriguez-Diaz*, here, petitioner's adverse bond determination was the result of a process that afforded him "the opportunity to be heard by a neutral decisionmaker" at "numerous levels of review." 53 F.4th at 1210. As such, petitioner has not shown that the process attendant to his current bond status is deficient under the due process

clause. *See id*. at 1213 *see, e.g.*, *Bakshta v. Chestnut*, No. 1:26-CV-01796-DJC-SCR, 2026 WL 1602286, at *1 (E.D. Cal. June 4, 2026) (finding same, where petitioner had been detained for eight months under § 1226(a)); *cf. Singh v. Albarran*, No. 1:26-CV-00822-DJC-CSK, 2026 WL 381557, at *2 (E.D. Cal. Feb. 11, 2026) (same, where petitioner had been detained nine months under § 1226(c), but received a custody hearing during that time). Petitioner therefore has failed to meet his burden to demonstrate that his present detention violates his Fifth Amendment rights so as to entitle him to habeas corpus relief. *See Dominguez*, 906 F.3d at 1134.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be DENIED.

2) The Clerk of Court enter judgment in favor of respondent and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 2, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE